IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MONICA GORDON  
ex rel. A.N.G., a minor,

  Plaintiff,

  v.        Civil No. TMD 16-3883

NANCY A. BERRYHILL,  
**Acting Commissioner of Social Security,**

  Defendant.[1]

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION GRANTING PLAINTIFF'S ALTERNATIVE MOTION FOR REMAND

Plaintiff Monica Gordon on behalf of her minor daughter ("A.N.G.") seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for Supplemental Security Income under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 18).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

decision that A.N.G. is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**.

## I

## Background

On December 3, 2016, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of ALJ's Decision

On July 23, 2015, the ALJ found that A.N.G. (1) had not engaged in substantial gainful activity since the application date of October 15, 2012; and (2) had the severe impairments of ADHD predominately hyperactive-impulsive type, oppositional defiance disorder, ADD of childhood with hyperactivity, mood disorder not otherwise specified, and adjustment disorder; but (3) did not have an impairment or a combination of impairments meeting, medically equaling, or functionally equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 20-31. The ALJ found that A.N.G.'s impairments did not functionally equal a listed impairment because she did not have an impairment or combination of impairments that resulted in either "marked" limitations in two out of six domains of functioning or "extreme" limitation in one domain of functioning. R. at 20-31. Rather, the ALJ found that she had less than marked limitations in acquiring and using information, in attending and completing tasks, and in the ability to care for herself; a marked limitation in interacting and relating with others;

and no limitations in moving about and manipulating objects and in health and physical well-being. R. at 23-31. The ALJ accordingly found that A.N.G. was not disabled since October 15, 2012. R. at 31. In so finding, the ALJ gave "great weight" to the opinions of the state agency medical consultants that A.N.G. had less than marked limitation in attending and completing tasks because their opinions were supported by the school records, psychiatric treatment notes, and A.N.G.'s mother. R. at 25. The ALJ found:

> [A.N.G.] has shown some positive improvement with medication, with more stable moods and adaptive functioning and increased concentration. In particular, in February 2013, her treatment note states, she responded "very well to the medication," but her appetite varies. Despite her improvement, she still attends special education for emotional support and has symptoms of impulsivity, a short attention span, and gets bored easily.

R. at 26 (citations omitted).

## III

### **Disability Determinations and Burden of Proof**

An individual under the age of 18 shall be considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i); *see* 20 C.F.R. § 416.906. To determine whether a child has a disability within the meaning of the Social Security Act, the Commissioner follows a three-step sequential evaluation process. 20 C.F.R. §§ 416.924, 416.926a. The first step is a determination whether the child is engaged in substantial gainful activity. *Id.* § 416.924(b). If so, benefits are denied; if not, the evaluation continues to the next step. The second step involves a determination whether a claimant's impairment or combination of impairments is severe, i.e., more than a slight abnormality that causes no more than minimal functional limitations. *Id.* § 416.924(c). If not,

3

benefits are denied; if so, the evaluation continues. The third step involves a determination whether the child has an impairment or impairments that meet, medically equal, or functionally equal in severity a listed impairment. *Id.* § 416.924(d). If so, and if the duration requirement is met, benefits are awarded; if not, benefits are denied.

"A child's functioning is determined by looking at six broad areas, or 'domains,' in an attempt to evaluate 'all of what a child can or cannot do.'" *Woodhouse ex rel. Taylor v. Astrue*, 696 F. Supp. 2d 521, 527 (D. Md. 2010) (quoting 20 C.F.R. § 416.926a(b)(1)). In the domain of "acquiring and using information," the Commissioner considers how well a child acquires or learns information, and how well the child uses the learned information. 20 C.F.R. § 416.926a(g). In the domain of "attending and completing tasks," the Commissioner considers how well a child is able to focus and maintain attention and how well the child begins, carries through, and finishes activities. *Id.* § 416.926a(h). In the domain of "interacting and relating with others," the Commissioner considers how well a child initiates and sustains emotional connections with others, develops and uses the language of the child's community, cooperates with others, complies with rules, responds to criticism, and respects and takes care of others' possessions. *Id.* § 416.926a(i). In the domain of "moving about and manipulating objects," relating to a child's gross and fine motor skills, the Commissioner considers how the child moves his or her body from one place to another and how the child moves and manipulates things. *Id.* § 416.926a(j). In the domain of "caring for yourself," the Commissioner considers how well a child maintains a healthy emotional and physical state, including how well the child gets his or her physical and emotional wants and needs met in appropriate ways, how the child copes with stress and changes in the environment, and whether the child takes care of his or her own health, possessions, and living area.. *Id.* § 416.926a(k).

4

Impairments "functionally equal listing-level severity when they produce an 'extreme' limitation in a child applicant's functioning in one domain or 'marked' limitations in functioning in two domains." *Woodhouse*, 696 F. Supp. 2d at 527 (citing 20 C.F.R. § 416.926a(d)). A "marked" limitation in a domain is one that "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). "It is the equivalent of the functioning [the Commissioner] would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.* An "extreme" limitation in a domain is one that "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3)(i). "It is the equivalent of the functioning [the Commissioner] would expect to find on standardized testing with scores that are at least three standard deviations below the mean." *Id.*

## IV

## **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.

*See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

V

**Discussion**

Among Plaintiff's arguments is her contention that the ALJ erroneously determined that A.N.G.'s functional limitations in attending and completing tasks and in the ability to care for herself were less than marked. Pl.'s Mem. Supp. Mot. Summ. J. 6-13, ECF No. 15-1. Defendant asserts, however, that substantial evidence supports the ALJ's determination regarding A.N.G.'s functioning in these two domains. Def.'s Mem. Supp. Mot. Summ. J. 9-12, ECF No. 18-1. As discussed below, the Court remands this case for further proceedings.

In arguing that the ALJ erroneously determined that A.N.G.'s limitation in attending and completing tasks was less than marked, Plaintiff maintains that the ALJ failed to discuss and evaluate evidence mostly dated after A.N.G.'s supposed improvement in February 2013. Pl.'s Mem. Supp. Mot. Summ. J. 7-10, ECF No. 15-1 (reviewing evidence largely dated after Plaintiff's apparent improvement in February 2013 that ALJ did not discuss).

The Commissioner "must consider all the evidence and explain on the record the reasons for [her] findings, including the reason for rejecting relevant evidence in support of the claim." *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980). "Even if legitimate reasons exist for rejecting or discounting certain evidence, the [Commissioner] cannot do so for no reason or for the wrong reason." *Id.* The Court "cannot determine if findings are unsupported by substantial evidence unless the [Commissioner] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984).

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight [she] has given to obviously probative exhibits, to say that [her] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Id.* (quoting *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977)) (internal quotation marks omitted). The duty of explanation is satisfied "[i]f a reviewing court can discern 'what the ALJ did and why he did it.'" *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999). Moreover, "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)).

> The regulations advise preschool claimants between three and six years old:
>
> As a preschooler, you should be able to pay attention when you are spoken to directly, sustain attention to your play and learning activities, and concentrate on activities like putting puzzles together or completing art projects. You should also be able to focus long enough to do many more things by yourself, such as getting your clothes together and dressing yourself, feeding yourself, or putting away your toys. You should usually be able to wait your turn and to change your activity when a caregiver or teacher says it is time to do something else.

20 C.F.R. § 416.926a(h)(2)(iii).

The regulations further advise school-age claimants between six and twelve years old:

> When you are of school age, you should be able to focus your attention in a variety of situations in order to follow directions, remember and organize your school materials, and complete classroom and homework assignments. You should be able to concentrate on details and not make careless mistakes in your work (beyond what would be expected in other children your age who do not have impairments). You should be able to change your activities or routines without distracting yourself or others, and stay on task and in place when appropriate. You should be able to sustain your attention well enough to participate in group sports, read by yourself, and complete family chores. You should also be able to complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation.

20 C.F.R. § 416.926a(h)(2)(iv).

Here, the Court cannot say that, if credited, the record evidence cited in Plaintiff's Motion for Summary Judgment would not lead to a finding of a marked limitation in the domain of attending and completing tasks. As noted above, an ALJ must explain on the record the weight given to all of the relevant evidence and the reason for rejecting such evidence in support of the claim. Because the ALJ did not explain the ALJ's consideration of this evidence, the Court **REMANDS** this case for the ALJ to do so in the first instance and declines to address Plaintiff's remaining arguments. *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 341 n.1 (4th Cir. 2012) ("Because we conclude that the ALJ committed legal error by failing to consider properly all the record evidence, an assessment of the weight of the evidence must be left to the ALJ on remand in the first instance.").

## VI

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's

alternative motion for remand (ECF No. 15) is **GRANTED**, and this matter is **REMANDED** for further proceedings.  A separate order will issue.

Date: March 31, 2018                                        /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge